UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Otis Steel, Jr., | ) | Case No.: 1:15 CV 1867 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| M & T Bank, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

*Pro se* plaintiff Otis Steel, Jr., has filed this action in connection with a foreclosure action brought against him in Ohio state court, *M & T Bank v. Otis Steel, Jr., et al.,* CV-13-810884 (Cuyahoga Cty. Court of Common Pleas). On July 31, 2014, the state court entered a judgment of foreclosure in M & T Bank's favor and ordered that the subject property be sold. The court denied a subsequent motion by the plaintiff for relief from this judgment pursuant to Ohio R. Civ. P. 60(B), and the Ohio Court of Appeals affirmed that decision. *See M & T Bank v. Otis Steel, Jr., et al.*, Case No. 101924 (Ohio App. 8th Dist.). The Ohio Court of Appeals held the plaintiff's argument – that judgment should not have been granted to M & T Bank because it lacked standing and committed fraud by attaching unauthenticated copies of the note and mortgage to the complaint – could have been raised in the state trial court prior to the final judgment and was therefore barred by the doctrine of *res judicata*.

Although the plaintiff's claims in this case, for which he seeks "injunctive and other

equitable relief," are not entirely clear, he also appears to challenge the underlying state-court foreclosure judgment against him on grounds that M & T lacked standing and/or engaged in fraud by not being a holder in due course.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, federal district courts have authority to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999). The plaintiff's complaint in this case must be dismissed pursuant to *Apple v. Glenn*.

First, the plaintiff's claims are barred by the doctrine of *res judicata*, which provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013). Under the doctrine, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). A second suit is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id*. These criteria are all satisfied. The Cuyahoga County Court of Common Pleas entered a final judgment of foreclosure against the plaintiff; this lawsuit involves the same parties or their privies

2

as the state foreclosure case; the plaintiff could have litigated the claims he seeks to raise here in the state action; and the plaintiff's claims arise out of the same transaction or occurrence that was the subject matter of the state case.

Second, the plaintiff's claims are barred by the *Rooker-Feldman* doctrine, which provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *See Givens v. Homecomings Financial*, Case No. 07-2359, 2008 WL 2121008, at * 1 (6th Cir. May 20, 2008). *Rooker-Feldman* applies to case "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*., citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). There is no way for this or any other court to grant the relief the plaintiff seeks in this action without disturbing the state court's foreclosure judgment. Therefore, the Court lacks subject-matter jurisdiction over the plaintiff's claims under *Rooker-Feldman*. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of claims that rested on premise that a state-court foreclosure judgment was invalid).

## Conclusion

Accordingly, for all of the reasons stated above, this action is dismissed pursuant to the Court's authority established in *Apple v. Glenn*.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 4, 2016